The next case for argument is 21-1916, Henderson v. McDonough. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Daniel Henderson. Although this is an underlying claim involving clear and unmistakable error, the question of clear and unmistakable error is not at issue in this matter. What is at issue in this appeal is whether or not the legal standard that was relied upon by the Veterans Court to decide not to review a question of regulatory interpretation presented by Mr. Henderson was erroneous. The correct legal standard is set out at 38 U.S.C. 7261A.1. In that statute, Congress has clearly stated that the legal standard is to the extent necessary to a decision, and when presented, the Veterans Court shall interpret regulatory provisions and determine the meaning and applicability of those terms of an action of the Secretary. That simply did not happen in this case. What happened in this case was is that the Veterans Court indicated that it need not resolve the appellant's sole argument as to the interpretation of the regulation. But do you think they're constrained by the statute to necessarily have reached the regulation issue if it wasn't necessary? If they concluded it wasn't necessary? I do, Your Honor. Well, it would be an advisory opinion, right? In their view, the way they viewed the case, it would be a purely advisory opinion because they could resolve it on – because the issue of the regulation that you presented wasn't presented by their view of the facts of this case. And you're saying that they're not allowed to do that? Or you're just saying they're – you must be saying they were wrong. I am saying they were wrong. There is no prejudicial error. There is no prejudicial error. And if they were wrong about that, then obviously they may have had to reach the regulation, right? Well, that's our second argument, Your Honor. But the primary argument is is that the legal standard required by Congress is to afford veterans judicial review of decisions made by the Secretary. You correctly quoted, I think, 7261A, which begins in the relevant part, to the extent necessary to its decision. Didn't the Veterans Court say it's actually not necessary to our decision to decide the meaning of this 3.322 because the board made findings that make it unnecessary? How is this a violation of this 7261 language which says to the extent necessary? Because the phrase to the extent necessary is tied to the question of regulatory interpretation. It is not tied to some independent judgment by the Veterans Court to determine whether or not it was necessary. Because when you read the entire language of the statute, the statute says that uses the word shall when presented. It was presented. I'm just going to repeat myself. To the extent necessary to its decision. That's correct, Your Honor. But they're all – that is conjunctive and tied together. It must be to the extent – or excuse me – when necessary and when presented. If Mr. Henderson had presented a factual argument and said that under these facts the board was incorrect, then I believe that the Veterans Court could have said to the extent necessary. We don't have to reach the question of regulatory interpretation. But the only question was a single question of regulatory interpretation, which was whether or not the board in conducting its de novo review of the denial of clear and unmistakable error had made a legal error when it failed to correctly apply and correctly interpret the provisions of the regulation that allowed the VA to reduce the amount of compensation. Can I check something with you? Yes. Is it your view that in this appeal, the one right now in front of us, we do not have jurisdiction to address the meaning of the underlying regulation? No, Your Honor. I believe under this court's case law you do because this court's case law says that if an issue was not addressed below but was presented, then it is within this court's jurisdiction to address that question. Even when the ground of decision by the Veterans Court did not depend on an implied answer to that question? Well, I think the answer to that question is yes. But that can't possibly be the conclusion in this case because the court clearly said they didn't need to raise it, resolve it, because that even if the board had done so, that they were allowed under an interpretation of the regulation to consider the evidence that was not to be considered by the express language used by the secretary in his own regulation. I'm sorry. I got completely lost in that response. It's clear that the Veterans Court did not engage in any kind of regulatory interpretation because it felt it did not need to. It felt like there was an alternate route to resolve the case because in its view, the board had alternative holdings. Are you saying even though we have assumed for the moment that the Veterans Court did not do any kind of interpretation of 3.22a, are you saying we still can engage in that and make a ruling on the regulatory interpretation? Yes, Your Honor. Without the Veterans Court having reached it? Yes, because this court's own case law in a precedential opinion has said that if the Veterans Court chooses not to address an issue that was presented, that this court still has jurisdiction to address that issue. Well, your brief at its conclusion in glue does allow for our deciding it or remanding it to CAVCH deciding in the first instance. That's correct, Your Honor. What is the precedential decision or decisions that you were referring to? I'm sorry. No, no, I'm not speaking loudly enough. You said our precedent allows us to reach an issue not decided by the Veterans Court, even implicitly, as long as it was presented. Yes. And I'm sorry. I'm going to have to submit that. Your Honor, off the top of my head, I've just gone completely blank as to the case citation for that. But I am confident that there is such a case that makes that whole. Where the issue was presented to the Veterans Court and the Veterans Court chose not to address it, that this court exercised jurisdiction on the basis that it had been presented. Well, maybe this is then an opportune time for me to suggest that I find the interpretation of the regulation that you're presenting either clearly wrong or just shy of clearly wrong, but in any event wrong. The language, whether it is determined upon the evidence of record to have existed at that time, seems to me to mean whether it is determined in this proceeding, on the evidence of record in this proceeding, namely the board proceeding or the RO proceeding, to have existed at the earlier time. Not anything about the record that was before the military entrance officials. But the problem, Your Honor, is that this regulation pertains to a specific and narrow class of awards in which the award was based upon an aggravation of a preexisting condition in service. There was no finding made in the original decision that there was a preexisting condition. The entirety of the discussion in the decision that's being challenged for Q was about what the service department found. And the service department's finding was not a finding made by the VA in the rating decisions challenge that there was a preexisting condition. More importantly, in the language of this regulation, it addresses disabilities, and therefore it is not sufficient to simply attribute globally to the notion that there is a condition that may have preexisted service. And in this case, the only evidence that there was was that he went to family counseling. But in the actual examination report. Check the box that said, yes, he has been examined for a mental condition previously. That's right. And that's a lay person's understanding that going to counseling constitutes a consultation for a mental illness. In any event, getting back to your lead argument, what if we disagree with you in your legal position that the Veterans Court must address a proposed regulatory interpretation by a veteran in an appeal, even if there's an alternative way to resolve the veterans? Let's say we reject that. Yes. Where does that leave your case? As to the question of whether or not what the Veterans Court did in its alternative, which said even if the board erred when it concluded that the regulation allowed them to consider evidence beyond that which was in the record when appellant entered the service, this error would be harmless. Now, I have two problems with that. And my understanding of the Veterans Court opinion is it reviewed your Veterans Court brief and found that there was no argument that you failed to address in any kind of meaningful way the board's alternative holding. That even if the board were to adopt your preferred interpretation of 3.222a, you still lose. And because the Veterans Court affirmed that holding, alternative holding, I don't know what's left for us to really look at because you never challenged that. Because the only basis for that alternative scenario is to assume that the board relied upon an interpretation of this regulation. And if they relied upon an interpretation of this regulation, then it is necessary, contrary to the conclusion of the Veterans Court, that this be addressed. I think the problem I'm trying to get at is that in your brief to the Veterans Court, you didn't make any kind of separate argument challenging the alternative holding. That's correct, Your Honor. And we relied entirely on having presented a question of law, a question of regulatory interpretation, which we believe is required by the Veterans Court under 7261. Right. And my point to the beginning of this particular colloquy was I'm taking that away from you, that there is no requirement in the law that the Veterans Court must address a proposed regulatory interpretation even when it doesn't have to on the facts of the case. Then the alternative holdings, both by the board and by the Veterans Court, are based upon factual determinations and not the factual determinations. That we don't have jurisdiction to consider. justified a rating adjustment. Right. That's the board's finding. No, it was not, Your Honor. The board didn't make two alternative holdings? It did. But it didn't make that finding. It didn't rely upon the entrance report. I direct the court's attention to— But you didn't raise this complaint to the Veterans Court. No, I did not, Your Honor, because we did not, in my judgment, need to when we presented a single question of law as to what the proper interpretation was of this regulation. All the Veterans Court needed to do was to say, we agree that that, with the interpretation relied upon by the board. If they had said that, then this court could take up directly the question of whether or not the interpretation of the regulation is correct. And if I can get back before my time expires to complete the response to Judge Toronto. The other piece that is missing in the interpretation that you articulated of this regulation, as it was by the board, was that this relates to a disability. And it relates to the rating of the disability. Not the existence of a disability, but only to the rating of the disability. And in the language of the regulation, it says, the rating will reflect only the degree of disability over and above the degree of disability existing at the time of entrance. Therefore, what must be determined was, what was the degree of disability? In this case, the evidence of record from the entrance examination by the medical examiner was, at page 17 of the appendix, that there was no mental or psychiatric disorder noted. So, if there was nothing noted at entrance, there is no basis to make an inference that something preexisted service based upon a later statement. And I'm just looking at the reg. And it seems like the reg has two alternatives, right? Because they use the word or. Yes. Whether the particular condition, and this seems to me exactly what you're saying. You have to say whether the particular condition was noted at the time of entrance into active service. That's correct. And then it says, or. Yes. So, what follows has to be something different than what preceded it. And so, we're construing here whether it is determined upon the entrance, upon the evidence of record to have existed at that time. It has to be something different than the preceding, right? And how is it different? It seems to me you're arguing that the only thing allowed is whether the particular condition was noted at the time of entrance into active service. And I'm suggesting just by the structure of the sentence, they've got to allow something beyond that. I agree with that, Your Honor. And, therefore, they must, if you will, produce evidence that existed at that time. And there was no evidence in the original rating decision that identified the degree of Mr. Henderson's disability. The decision in this case granted the benefit. They found he was entitled to disability compensation. But misusing this regulation, they reduced that rating based upon evidence that didn't exist at the time. And exist at the time must refer to at the time of the entrance, not as to the evidence that was at least discussed by the board but not relied upon, which was what the examination found by the medical board when they put him out of service because of the condition of major, or excuse me, a bipolar disorder, which never existed prior to the time of service. I'm sorry. I didn't mean to cut you off. Oh, I'm sorry. You're well beyond your time. We will restore rebuttal. Thank you very much, Your Honor. Please proceed. Good morning. May it please the court. As an initial matter, I would like to point out that the interpretation of the regulation that the board made its secondary finding upon, i.e. looking only at the evidence that was created at the time the veteran entered service, as opposed to later evidence indicating that he had experienced some symptoms during high school, that was the interpretation that Mr. Henderson was proposing to the board. He was arguing to the board that they should only rely upon evidence that was created when he entered service. The board took that into account and said, even though we disagree with their interpretation of the regulation, as some of the court's questions indicated, we nevertheless find that even accepting the interpretation that they proffered to us, there is sufficient evidence on the record such that a reasonable arbiter could determine that there was indication that this condition existed prior to entry into service. Particularly in the context of a Q claim, which, of course, requires that the error be undebatable and that it would have manifestly changed the outcome. That is simply not enough information. That is not a sufficient reason for this court to overturn the veteran court's decision. And I think that Mr. Carpenter referred to the fact that, you know, had the board been making the determination based on particular facts as opposed to a regulatory interpretation, Don't someone know, just based on a notation of family counseling and a medical history report, that that person has a 10% psychiatric disorder? Right. So, I mean, the regional office's decision was based on the entirety of the record evidence, which, again, the secretary's position is that that is consistent with the regulation. So it was based on that notation, answering the question of mental condition. As a whole, I get it. But the only thing in that record as a whole was that one notation of family counseling. But, no, in addition, the RO took into account the information gathered during the veteran's hospitalization, where he indicated that he had had periods of heightened... You're talking about all that other post-entrance evidence. I'm just talking about the evidence that existed at the time he entered into service. Right. It's just the family counseling notation, right? Yes, and, of course, answering the question... Okay. Right. Well, how could someone so confidently conclude that someone is suffering from a psychiatric disorder at a 10% level of disability? Right. But, again, the RO relied on all of the record evidence, including the interviews given during the hospitalization, indicating that... I'm just talking about the alternative holding. Understood, understood. And that was the board's alternative holding, where, yes, the board did first walk through the regulation. That's getting back to my question. How could anybody conclude that, based on that notation, that, aha, yes, this person has a psychiatric disorder, bipolar disorder, and we're going to rate it at a 10% problem? Right. Well, the board made the determination, the factual determination, applying the facts of this case to the law at issue. And I believe it's... Well, the Veterans Court explains it well on page 6 of the appendix, where they explain that... The board separately explained that the RO, in 1990, had evidence from appellants entering a service that justified a rating reduction and, therefore, the outcome would not have manifestly changed. The board explained that the appellants' disagreement with the weighing of this evidence could not give rise to a valid Q claim. And so, again, to the court's question, I understand... Well, the board made the determination that there was sufficient evidence, based on the record, that a reasonable adjudicator could find that there was a pre-existing condition to some extent, even setting aside the evidence that was created after he entered into service. Maybe the correct answer to my question is, we don't have jurisdiction to answer my question. To a certain extent, Your Honor, yes, I believe that is true, because it is a question of... There is no other good answer. It is a question of applying facts to the law that was applied here. And so, yes, that is outside of this court's jurisdiction. I guess part of what I'm hearing now is that this alternative ground that the board decided on was not limited to the evidence from entrance and previous entrance. That even on the alternative ground, the board, like I think I'm hearing you saying, the RO, relied on later evidence. Is that right? Perhaps I misspoke, Your Honor. So the regional office made its initial determination in 1990. The board decision, of course, was in 2017, after this was revived as a Q claim. The board decision then, and I'm reading from page appendix 97, does say, a reasonable mind could find that the need for counseling prior to service is sufficient evidence that the veteran's pre-existing acquired psychiatric disability was at least mild in severity at the time of service entrance. Thus, the argument that there was no evidence at the time of the veteran's entrance into service upon which the pre-service disability level could have been ascertained is effectively nothing more than a disagreement with how the facts are weighed and evaluated, which is explicitly not Q under the relevant law. So the board did make a specific alternative finding that just the... And that alternative finding is truly independent of the regulatory dispute. Yes, yes. Can I ask you the same question I asked Mr. Carpenter? Certainly. Do we have jurisdiction to decide the proper interpretation of the regulation in this appeal? I believe that the court can have jurisdiction to that issue. The 28-J letter that Mr. Henderson filed cited the slaughter decision from just a couple months ago in this court. There, in the context of a harmless error analysis, this court did take a look at the varying diagnostic codes under which the veteran had been rated and under which he was arguing to have been rated. And even though that was not a question the veterans court had reached, in the context of finding there was no harmless error in the veteran court's application of the law to that circumstance, this court did evaluate the diagnostic codes and determined that the VA's actual analysis of them was correct. And so I do believe it would be within this court's discretion if they wanted to reach the question of the regulatory interpretation. However, they do not necessarily need to because the actual finding of the veterans court was hinged only on the harmless error. And of course, one of the major key factors is whether or not it would have manifestly changed the outcome, which is specifically the finding that the veterans court made. That because the question here is the application of the evidence on the record, even if it is just looking at the rather narrow evidence just from the entrance paperwork, that is a factual question as to whether or not that is enough evidence to support the 10% reduction in rating. Besides slaughter, do you have any other precedent from this court that would permit us to reach this underlying regulatory interpretation question on the assumption, which I think you agree with, that the alternative ground doesn't actually depend in any way on an answer to that question? I do not know off the top of my head, Your Honor. Obviously, that was not an issue that was briefed by the parties here. But I would be happy to submit additional authority to that extent. So even though it might be just academic for purposes of this argument, could you talk to us about the merits of the board's interpretation that the veterans court did not rely on for 3.222A, specifically the phrase, determined upon the evidence of record to have existed at that time? Yes. Just reading that in isolation, it sounds like it's talking about the evidence that existed at the time of entrance into service. But tell me why that's not right. Certainly, Your Honor. So the full context of the full language, and I apologize. Let me find it in my brief here. That second sentence is, whether the particular condition was noted at the time of entrance into active service or whether it is determined upon the evidence. I'm sorry. You dropped me. Can you bring me back? Where are you in the line? I'm just reading from the regulation, 3.322A. Okay. I got it.  And my point was only that the clause that we're talking about starts with whether the particular condition was noted at the time of entrance or whether it, again, I believe it is referring to the particular condition, not the evidence that existed, whether it is determined upon. It isn't. It is determined is just a passive way of saying the Board is determining. Right. And it is determined. And it uses the present tense, is, not was, which is the contrast, which is why I thought your argument was, and the Board's argument was, the to have existed at the time doesn't go with evidence of record. It goes with the determined. It is determined to have existed. That's what is being determined. And when it's being determined is now, hence the is. And what is determined on is what the determiner has in front of it, namely the evidence of record. Yes, Your Honor, yes. And we agree with the Board adopted the veteran agency's interpretation of the regulation, agreeing with the idea. And this is consistent with the entire framework of the Veterans Benefits Analysis, where you don't just look at the entrance paperwork. For example, 38 U.S.C. 7104A discusses that decisions of the Board should be based on the entire record in the proceeding and upon consideration of all evidence and material of record. 38 U.S.C. 5107A says that the Board shall consider all information, lay, and medical evidence. And so the Board's reading of the interpretation of the regulation as permitting consideration of evidence just that was created at the entry into service, but then also evidence from later on in service that indicates that that condition may have existed or did exist prior to entry into service, all of that can be considered by the regional office in reaching its determination. And again, we believe that that is consistent with the regulations directing the way that the VA and the Board and the regional offices determine and look at and make their determinations, because they don't just look at entry documentation. Can I ask this question? So the Veterans Court said we're going to rely on the alternative ground. Maybe it's just projection on my part. I had a sense the Veterans Court was reluctant in some way to decide the regulatory interpretation question. Why? I don't know that I would say it was reluctance, Your Honor. I think that it's a vision of the Veterans Court being narrow in what they need to decide. As we discussed earlier, I believe Judge Post referred to it as potentially an advisory opinion if they do not actually need to reach the issue of regulatory interpretation, but rather can address it on the harmless error grounds, which is, of course, what they did here. And particularly, again, in a queue context where there is a very narrow pathway for a veteran to challenge a decision, which was at this point in time nearly 30 years old, the Veterans Court made the determination that it simply did not need to get there. Does this regulatory interpretation question arise with some regularity? Your Honor, I did do legal research to determine whether or not it had been interpreted before by the Veterans Court. I believe it has not been mentioned in any decisions by this court. The Veterans Court has addressed it in decisions occasionally. The specific question as to whether or not it is limited only to evidence created at entrance as opposed to later on, to my understanding, has not been the subject of a decision by the Veterans Court. However, I think that's likely because the language of the regulation is pretty clear and, again, consistent with the entire framework of the way that the Veterans Administration makes determinations. It's consistent that they look at all evidence in the record, not just some sort of temporal limitation, which is, I believe, the way the board discussed it. They said, and this is from appendix page 95, the board finds that to read, or whether it is determined upon the evidence of record to have existed at that time as having such a temporal limitation slash evidentiary cutoff that is consistent with both the statutory and regulatory scheme of the VA disability compensation. So I think it has not been the subject of a specific decision by the Veterans Court, but I think that's likely because the language is not particularly unclear. It's pretty obvious that it permits them to review all of the record evidence to determine the extent of the aggravation with regard to pre-existing condition. Just briefly, we set this forth in our brief, but the actual theory that Mr. Henderson is advancing at this stage is quite different from what he actually advanced to the board and to the Veterans Court, and I would just like to put a couple record sites on the record for the court's notice. Specifically, the notice of disagreement with the regional officer decision which is at appendix page 52. Appellant wrote, the application of 3.322A has nothing to do with the presumption of soundness. Their statement of the case describing what they were asking the Veterans Court to opine upon, which is on appendix page 107, reads, the issue is whether this phrase, which is the language in 3.22A, limits the VA from considering evidence other than that which existed at the time of entrance into active service. So to the extent Mr. Henderson's briefing before this court seems to get into the question of the presumption of soundness and having not been rebutted by the Veterans Court or by the board or by the Veterans Court on the record, that is inconsistent with the actual issue that they raised for the cue consideration before the lower bodies. And of course, in accordance with this court's many decisions, including Andre from 2002, every specific cue claim needs to be the subject of a specific lower question answered by the Veterans Court. I'm almost out of time, if there are no further questions from the court. Thank you. Thank you. We still have three minutes everybody. Please, court. I agree with Judge Toronto that the question under this regulation is what is to be determined. And I believe what was overlooked by the board, by the Veterans Court, and now by the government in its argument is that what was to be determined was the degree of disability. That is the language used in the regulation. Because what we're talking about only in this regulation is not entitlement to the benefit. I'm not sure there's any dispute that that's what is to be determined, whether the degree of disability existed at the time. Your entire argument is about on what basis can that determination be made. And you want to say it's either, it's certainly nothing later than the entrance, evidence that existed at the entrance. You want to actually narrow it even further, but that's the dispute. There's no dispute about what has to be determined. Well, Your Honor, I believe there is because the government suggests that there was a determination made. There was no determination made by the board as to the degree of disability, just as there was no determination made in the original decision. There was simply an arbitrary adoption by the original decision that the service department had reduced, therefore we will reduce. That is not a determination of the degree of disability. The board made no such determination. The board in its decision did review the evidence that existed. It never then said, and we find that the degree of disability that existed was 10%. It was never stated. As Judge Prost correctly pointed out, in the final phrase of this regulation, there are two alternatives, either that it was noted or that there was evidence. There is no evidence. As Judge Chin correctly pointed out, the only evidence is the reference to family counseling. That is not possible to make a determination that because one attended family counseling prior to service, that at the time of entrance, that showed mild symptoms. Mild symptoms are not what is required to be evaluated. It is the degree of disability. And yes, while you use the symptoms to determine the degree of disability, you cannot determine the degree of disability retrospectively by a reference by the veteran during a medical exam with a medical board to be discharged as evidence at the time. There was no evidence at the time that he entered service that he had any mental disorder whatsoever, and the examiner, the entrance examiner, said his psychiatric condition was normal. If it was normal, then it is not possible to find a degree of disability to something that does not exist. The police court, thank you very much. Thank you. We thank both sides, and the case is submitted.